IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 3:93-CR-28-1H
NO. 5:97-CV-973

KENNETH KUBINSKI,                )
                                 )
    Petitioner,                  )
                                 )
                                 )
v.                               )           **ORDER**
                                 )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
    Respondent.                  )

This matter is before the court on petitioner's pro se motion for relief from judgment pursuant to Rule 60(b). The government has responded, and petitioner has replied.[1] This matter is ripe for adjudication.

Petitioner was indicted, along with six co-defendants, in a 1993 superseding indictment for conspiracy to traffic drugs, engaging in a criminal enterprise, conspiracy to import illegal drugs, multiple counts of money laundering, drug trafficking, and one count of criminal forfeiture. In June 1994, petitioner was convicted by a jury on all counts. This court sentenced petitioner on November 15, 1994 to four life sentences, 20 years

---

[1] The court grants petitioner's motion for an extension of time to file his reply and deems his reply filed May 9, 2011 timely.

1

on the money laundering convictions and 40 years on the trafficking and possession convictions, all to be served concurrently. The Fourth Circuit affirmed his convictions and sentence on appeal in July 1996. United States v. Kubinski, No. 94-5887, 1996 WL 386612 (4th Cir. July 11, 1996). On December 10, 1997, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 raising eight grounds for relief. On July 1, 1999, this court granted the motion in part by vacating the conviction and sentence on Count I, and dismissed the remaining claims for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A certificate of appealability was denied on June 28, 2001.

The court has carefully reviewed petitioner's lengthy motion, as well as the attached exhibits and the poignant letters from his children. The court has also reviewed the record in this matter. The court understands the petitioner's desire to change his sentence. However, a review of petitioner's motion reveals that petitioner has provided no legal basis for a change in his sentence or a re-opening of his judgment. He argues, in sum, that the court failed to make an "on the merits" determination of his ineffective assistance of counsel claims brought forth in his original § 2255 motion. The court has reviewed the order dismissing in part and granting in

2

part his § 2255 motion and finds that it did determine his motion "on the merits." See Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399, n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits.'")

Finding no authority to reduce his sentence or re-open his judgment, the court DENIES petitioner's motion [DE #24].

This 31st day of May 2011.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26