IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
OLD FAYETTEVILLE DIVISION
NO. 3:93-CR-28-1H

UNITED STATES OF AMERICA, )
)
)
)
v. )
) **ORDER**
)
KENNETH B. KUBINSKI, )
)
Defendant. )
)

This matter is before the court on defendant's motion through counsel for compassionate release [DE #81]. Defendant has filed several documents in support of his motion. The government has responded in opposition, and defendant has replied. This matter is ripe for adjudication.

Defendant moves the court for compassionate release pursuant to the newly amended 18 U.S.C. § 3582(c)(1)(A)(i) based on his age of seventy-two years, his deteriorating health, and more than twenty-five years of incarceration. Defendant argues his circumstances are extraordinary and compelling, and the factors in 18 U.S.C. § 3553(a), including those relating to punishment, deterrence, protection of the public, and the medical condition and family circumstances of defendant, weigh in favor of his

release. Defendant additionally argues that the COVID-19 virus is another reason for his release.

## BACKGROUND

Beginning in 1979 and continuing until April 1993, defendant was the leader and organizer of a drug conspiracy responsible for the distribution of approximately 15,510 pounds of marijuana, 208 kilograms of cocaine, 16.5 kilograms of cocaine base, and 90 kilograms of hashish into the Eastern District of North Carolina. [D.E. # 70, PSR, p. 8]. The conspiracy operated mainly as a wholesaler of illegal drugs and arranged for shipments from various sources in other states and countries. Id.

At one point during the period of 1985 to 1986, defendant maintained a business relationship with the drug-dealing Caro-Quintero organization in Mexico. Id. He was responsible for financing, arranging, and coordinating the purchase of drugs from several interstate and international sources. Id. During the course of the conspiracy, approximately $10,216,800 of illegal profits from the sale and distribution of drugs were channeled into various real estate ventures, movie investments, laundered through accounts controlled by defendant's corporation (K-Land, Inc.), and used in the acquisition of large personal properties, to specifically include heavy earth-moving equipment, in an attempt to legitimize the money. Id.

2

On April 27, 1993, Defendant was indicted by a grand jury in the Eastern District of North Carolina with drug distribution conspiracy in violation of 21 U.S.C. §846 (Count 1), continuing criminal enterprise in violation of 21 U.S.C. 848 (Count 2), drug importation conspiracy in violation of 21 U.S.C. § 963 (Count 3), five counts of money laundering in violation of 18 U.S.C. § 1956(a) (Counts 4 – 8), and four counts of distribution or possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 841 (Counts 10, 11, 12, 14) [D.E. #23, pp. 1; D.E. # 70, PSR, pp. 1-2]. On June 9, 1994, following a jury trial, Defendant was convicted on all counts. [D.E. # 23, p. 1].

On November 15, 1994, this court sentenced defendant to a total term of life imprisonment, specifically, 20 years' concurrent imprisonment for Counts 4-8, 40 years' concurrent imprisonment for Counts 10, 11, and 14, and concurrent life imprisonment for Counts 1, 2, 3, and 12. [D.E. 23, p. 9].

On July 11, 1996, Defendant's convictions and sentence were affirmed by the Fourth Circuit. [D.E. 23, p. 11]. See United States v. Kubinski, No. 94-5887, 1996 WL 386612 (4th Cir. July 11, 1996). Defendant is currently incarcerated at Lewisburg USP in Lewisburg, Pennsylvania. See [https://www.bop.gov/inmateloc/; Number 14425-056; last visited May 12, 2020].

3

**COURT'S DISCUSSION**

**I.   First Step Act and Compassionate Release**

On December 21, 2018, President Trump signed the First Step Act into law. Among the many criminal justice reforms, Congress amended 18 U.S.C. § 3582(c)(1)(A)(i) to provide the sentencing judge with jurisdiction to consider a defendant's motion for reduction of sentence based on extraordinary and compelling reasons when the defendant has exhausted his administrative remedies.

Title 18 U.S.C. § 3582(c) now provides as follows:

> **(c) Modification of an imposed term of imprisonment.**--The court may not modify a term of imprisonment once it has been imposed except that—
>
> **(1)** in any case--
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> **(i)**   extraordinary and compelling reasons warrant such a reduction; or
>
> **(ii)** the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a

4

sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

**(B)** the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

18 U.S.C. § 3582.

A defendant who seeks compassionate release under 18 U.S.C. § 3582(c) bears the burden of establishing that such relief is warranted. See, e.g., United States v. Mangarella, No. 3:06-cr-151, 2020 WL 1291835, at *2 (W.D.N.C. Mar. 16, 2020); United States v. Mattingly, No. 6:15-cr-5, 2020 WL 974874, at *2 (W.D.Va. Feb. 28, 2020). "Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Moreover, "a compassionate release . . . is an extraordinary and rare event." Mangarella, at *2 (quoting White v. United States, 378 F.Supp.3d 784, 787 (W.D. Mo. 2019)).

The statute does not define what constitutes "extraordinary and compelling reasons." The United States Sentencing Commission has been tasked with defining what constitutes extraordinary and compelling reasons. See 28 U.S.C. § 994(t) ("The Commission, in

5

promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of [T]itle 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

The Sentencing Commission has defined "extraordinary and compelling reasons" in Application Note 1 to United States Sentencing Guidelines Section 1B1.13. These reasons include:

(A) <u>Medical Condition of the Defendant</u>.

   (i)   The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specified time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii)   The defendant is

        (I)   suffering from a serious physical or medical condition,

        (II)   suffering from a serious functional or cognitive impairment, or

        (III)   experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the

>   environment of a correctional facility and
>   from which he or she is not expected to
>   recover.
>
> (B) <u>Age of the Defendant</u>. The defendant (i) is at least
>   65 years old; (ii) is experiencing a serious
>   deterioration in physical or mental health because
>   of the aging process; and iii) has served at least
>   10 years or 75 percent of his or her term of
>   imprisonment, whichever is less.
>
> (C) <u>Family Circumstances</u>.
>   (i)  The death or incapacitation of the caregiver
>        of the defendant's minor child or minor
>        children.
>
>   (ii) The incapacitation of the defendant's spouse
>        or registered partner when the defendant would
>        be the only available caregiver for the spouse
>        or registered partner.
>
> (D) <u>Other Reasons</u>. As determined by the Director of the
>   Bureau of Prisons, there exists in the defendant's case
>   an extraordinary and compelling reason other than, or
>   in combination with, the reasons described in
>   subdivisions (A) through (C).

U.S.S.G. § 1B1.13, app. n. 1.

## II. Exhaustion

On February 21, 2017, Mr. Kubinski, at the age of sixty-nine, submitted a petition for a reduction in his sentence ("RIS Petition") to Warden Travis Bragg pursuant to the Bureau of Prisons ("BOP") Program Statement 5050.49. His request outlined his extraordinary and compelling circumstances, as required under the statute, given his status as an elderly inmate and stated

7

that he met all of the factors required for a reduction in his sentence. Notably, Warden Bragg at FCI Bennettsville agreed with Mr. Kubinski and on June 5, 2017, he sent J.A. Keller, the Regional Director, a letter recommending that consideration be given to Mr. Kubinski's request for a reduction in his sentence. See DE #81-1, Exhibit 1 to Defendant's Motion.

Mr. Kubinski continued to pursue his petition. On December 18, 2017, Mr. Kubinski received a response. Despite having been recommended for release, Mr. Kubinski's petition was denied. Mr. Kubinski next appealed through the Administrative Remedy Program, submitting his BP-8, BP-9, BP-10, and BP-11 forms in accordance with BOP policy. On April 12, 2019, he finally received a rejection notice regarding his BP-11. He contends this process exhausted his administrative remedies.

The government counters, arguing he has not fully exhausted his administrative remedies, essentially because he "changed courses" midway and substituted his basis for compassionate release. While it is true that defendant added the COVID-19 pandemic as a basis for release, he could not have previously relied on this basis as it did not exist. Furthermore, the government's own attachments show that Mr. Kubinski has diligently attempted to comply with the administrative requirements for compassionate release for several years. This court finds, after reviewing the record before this court, that defendant has

exhausted his administrative remedies. Furthermore, this court need not decide whether the COVID-19 pandemic argument is properly before the court because the court finds it need not consider that as part of the basis for its compassionate release of Mr. Kubinski.

### III. Extraordinary and Compelling Reasons

Today, Mr. Kubinski is seventy-two years old and is experiencing deterioration in his health and his ability to perform fundamental activities of daily living. Kubinski is a Vietnam war veteran who suffered multiple injuries during his years of service that have progressed considerably over time, causing severe deterioration to his health. These injuries were caused by a sniper bullet to his left leg; a landmine explosion, which perforated Mr. Kubinski's right tympanic membrane, causing him to suffer a severe concussion, and lodging shrapnel fragments in his head, mouth, neck, and shoulder; and, a grenade exploding directly on his foxhole, perforating the membrane of his right ear and concussing him. Kubinski spent nine months in three different hospitals, where he underwent multiple surgeries in an attempt to reconstruct his ear. Ultimately, Kubinski experienced memory loss, recurring vertigo, anxiety, loss of hearing, depression, and pain throughout his head and body as a result of these injuries, all of which continue to afflict him today and have degraded his health over time.

His health, compounded by these underlying injuries and the added difficulties of aging within the federal prison system, is failing. Per his motion, his ailments and symptoms include chronic pain; difficulty moving; severe vertigo impacting his ability to stand; severe nausea; muscle spasms with long-lasting pain, including muscle spasms in his heart during sleep; badly bruised ribs after suffering falls; an abdominal hernia; elevated levels of a prostate-specific antigen and a prostate nodule; unspecified disorder of cranial nerves; numbness on the right side of his head; aggressive periodontitis pain; tremors in his abdomen; persistent depressive disorder; blood in his urine; inflammation of the middle ear; loss of hearing; tinnitus; sicca syndrome; acute sinusitis; paranasal sinus disease; loss of vision; double vision; glaucoma; difficulty swallowing; angioneurotic edema; dramatic loss of energy, cognition, and memory resulting in withdrawal; hypertension; chronic gingivitis, including aggressive and chronic gum infections; mouth abscesses; irritated tooth fillings (that have gone un-replaced for months on end); infections in his eyes, nose, mouth, and ears; and severe cramps in both legs. These conditions continue to worsen with age and the stresses of incarceration. Kubinski also suffers from Post-Traumatic Stress Disorder and Traumatic Brain Injury, stemming from his time in Vietnam.

The government responds in opposition, noting that defendant does not qualify under U.S.S.G. § 1B1.13 app. n. 1 (B). They find that none of his conditions are serious enough to interfere with daily living activities and none are terminal. They also note for the court that his health care may be of better quality or consistency if he remains incarcerated.

The court, while noting the government is correct that he does not have a terminal illness, believes the government is short-sighted in not viewing Kubinski as a whole person. It is not the court's job to look at each individual medical condition, but to assess his medical condition as a whole against the relevant law.

The court finds Kubinski meets the criteria described in U.S.S.G. § 1B1.13 app. n.1(b) as he is over 65, is experiencing serious physical or mental health deterioration and has served more than 10 years in prison. The court has already listed the many ailments Kubinski suffers from. While none may, standing alone, be deemed serious or terminal, the court must look at all the circumstances together. Further, Kubinski has served almost 26 years in prison, which, if the court considers good time credit equates to an approximate 360 month sentence.

Finally, the court notes that defendant has by all accounts been a model prisoner. He has numerous letters of support from officials within the prison. He has never incurred any violations

or infractions in over 25 years of incarceration. He has been employed in several areas of several different institutions and seems to have earned the trust and friendship of BOP officials along the way. He has received awards for his volunteer service. Defendant's sister is willing to allow him to live with her and to provide support for defendant upon his release from imprisonment.

The court finds that defendant is not a danger to the safety of others or to the community and that the sentence he has already served more than adequately reflects the seriousness of the offense and provides just punishment. In conclusion, the court finds that when the record in this matter is viewed as a whole, Mr. Kubinski has met his burden for compassionate release under 18 U.S.C. § 3582.

The government requests a quarantine period of 14 days should this court order release. However, the BOP's own data indicates there are currently no active cases among inmates at the BOP facility where defendant Kubinski is currently housed. Therefore, quarantine is not warranted in this case.

## CONCLUSION

For the foregoing reasons, defendant's sentence is reduced to "TIME SERVED" and defendant shall be released forthwith. All

other provisions of the prior judgment shall remain in effect, including but not limited to, supervised release provisions.

This 13th day of May 2020.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26

13

Case 3:93-cr-00028-H   Document 91   Filed 05/13/20   Page 13 of 13